# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PEGGY ALLEN,**
**Claimant Below, Petitioner**

**vs.) No. 23-ICA-336**      (JCN: 2021015674)

**PRINCETON COMMUNITY HOSPITAL ASSOCIATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Peggy Allen appeals the April 12, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Princeton Community Hospital Association filed a response.[1] Ms. Allen did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which closed this claim for permanent partial disability ("PPD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Allen was diagnosed with COVID-19 in January 2021. On March 3, 2021, the claim administrator issued an order holding this claim compensable for COVID-19. On August 28, 2021, Ms. Allen was evaluated by George Zaldivar, M.D. Dr. Zaldivar found that Ms. Allen did not have measurable whole person impairment related to the compensable injury. Dr. Zaldivar opined that Ms. Allen's symptoms of fatigue were related to her poor sleep schedule and untreated sleep apnea. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Zaldivar found that Ms. Allen had 0% whole person impairment related to her compensable condition. On September 13, 2021, Randall Short, M.D., reviewed Dr. Zaldivar's report and opined that his calculation of impairment was correct.

On December 14, 2021, Ahmed Faheem, M.D., a psychiatrist, conducted a psychiatric evaluation of Ms. Allen. Dr. Faheem reviewed Ms. Allen's medical records,

---

[1] Ms. Allen is not represented. Princeton Community Hospital Association is represented by James W. Heslep, Esq.

1

interviewed her, and oversaw her psychological testing. Dr. Faheem opined that Ms. Allen did not have any psychiatric conditions related to COVID-19. Further, using the *Guides*, Dr. Faheem found that Ms. Allen had no whole person impairment related to psychiatric conditions.

Ms. Allen was seen by Joseph Morello, D.O., on March 11, 2022, and June 16, 2022. Dr. Morello opined that Ms. Allen was suffering from post-COVID-19 chronic condition symptoms. Dr. Morello noted that Ms. Allen's anxiety and depression had been exacerbated by COVID-19. Dr. Morello further noted that Ms. Allen began suffering from shortness of breath after her diagnosis of COVID-19.

On January 24, 2022, the claim administrator issued an order closing this claim for PPD benefits. Ms. Allen protested this order. On April 12, 2023, the Board affirmed the claim administrator's order closing the claim for PPD. The Board found that Ms. Allen did not provide sufficient medical evidence to establish that she suffered more than 0% permanent impairment. Ms. Allen now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Allen argues that she suffers from a chronic condition causing permanent impairment, which is related to her compensable COVID-19 diagnosis and, thus, she should be compensated. We disagree.

Here, the Board found that Ms. Allen failed to establish with medical evidence that she suffered any ratable permanent impairment related to her compensable COVID-19 diagnosis. The Board noted that the evidence provided by Ms. Allen, Dr. Morello's report, did not offer an impairment rating or otherwise address any permanent impairment related to her compensable diagnosis. Ultimately, the Board affirmed the claim administrator's closure of this claim for PPD benefits.

Upon review, we conclude that the Board was not clearly wrong in determining that Ms. Allen has failed to establish that she suffered any permanent impairment related to her compensable COVID-19 diagnosis, based on the lack of medical evidence indicating permanent impairment. Further, the Board was not clearly wrong in affirming the claim administrator's order closing this claim for PPD. Although Ms. Allen may feel that she is suffering from a permanent impairment related to her compensable injury, she has failed to offer any medical evidence supporting that conclusion.

Accordingly, we affirm the Board's April 12, 2023, order.

Affirmed.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating